UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 10-289-KSF

KEVIN SHEGOG                                                                                                    PETITIONER

V.                                                **OPINION & ORDER**

JOSEPH MEKO, *et al*.                                                                                RESPONDENTS

\* \* \* \* \* \* \* \* \* \* \* \* \*

On January 15, 2010, petitioner, Kevin Shegog, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE #1] challenging his incarceration on state convictions of first degree robbery and persistent felony offender in the first degree. Consistent with local practice, this matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On July 27, 2012, the Magistrate Judge filed his Report and Recommendation that the petition be denied on various grounds [DE #26]. First, the Magistrate Judge determined that Shegog had procedurally defaulted on seven of his claims because they were not timely raised in the state courts, and were disposed of by the Kentucky courts due to failure to comply with state procedural rules. The Magistrate Judge found that the limited exceptions allowing federal review of claims denied by the state courts on procedural grounds were not applicable in this case.

Next, the Magistrate Judge carefully reviewed each of Shegog's remaining six claims in accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. After reviewing each of these claims, the Magistrate Judge concluded that the Kentucky courts' decisions were not contrary to, or an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States, and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence.  28 U.S.C. § 2254(d)(1)-(2).

Neither Shegog nor the Respondent filed objections to the Magistrate Judge's Recommended Disposition and the time for same has passed.  Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Moreover, a party who fails to file objections with the Court to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal.  *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).  Nevertheless, the Court, having examined the record, is in agreement with the Magistrate Judge's Report and Recommendation.

In determining whether a certificate of appealability should issue as to the petitioner's claims, the Court turns to *Slack v. McDaniel,* 529 U.S. 473 (2000), for guidance.  In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484.  In the present case, the Court determines that the Petitioner has not presented a close call or one which is "debatable."  Therefore, a certificate of appealability will not issue.

Accordingly, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** that:

(1) the Magistrate Judge's Recommended Disposition [DE #26] is **ADOPTED** as and for the opinion of the Court;

(2) the petitioner's petition for a writ of habeas corpus [DE #1] is **DISMISSED WITH PREJUDICE**;

(3) pursuant to 28 U.S.C. § 2253(c), a certificate of appealability shall not issue;

(4) pursuant to 28 U.S.C. § 1915, Petitioner may not appeal this Order in forma pauperis; and

(5) judgment will be entered contemporaneously herewith.

This September 13, 2012.

**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**